UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVEN RAMOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1. This is a class action on behalf of all employees of Apple Inc. ("Apple" or "Defendant") in the State of New York that engage or have engaged in manual work in the course of their employment.

2. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner. *See* New York Labor Law ("NYLL"), Article 6, §191.

3. On information and belief, Defendant has received no such authorization from the New York State Department of Labor Commissioner.

4. The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Ventri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5. Defendant has violated and continue to violate this law by paying its manual workers every other week rather than on a weekly basis.

6. Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on

behalf of herself and a putative class comprised of all manual workers employed by Defendant in New York State over the last six years.

**JURISDICTION AND VENUE**

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York. Defendant owns and operates numerous Apple Store locations within New York.

8. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

10. Defendant Apple Inc. is a California corporation with a principal place of business in Cupertino, California. Defendant owns and operates Apple Store locations that employ hundreds, if not thousands, of manual workers in the State of New York.

11. Plaintiff Raven Ramos is a citizen of New York who resides in Port Chester, New York. Plaintiff was employed by Defendant from approximately October 2010 to January 2018 at an Apple Store located at 767 5th Ave., New York, New York. At least 25% of Plaintiff's job

responsibilities at Apple included manual labor, including tasks such as working the sales floor, unboxing products, emptied cash registers, and assisted customers.  Plaintiff was paid every other week, rather than weekly, during the entirety of her employment with Defendant.  Plaintiff has been injured by Defendant's failure to pay timely wages because she was temporarily deprived of money owed to her.  Thus, every day that said money was not paid to her in a timely fashion, she lost the time value of that money.

## CLASS ACTION ALLEGATIONS

12.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons who worked as manual workers in their employment for Defendant in the State of New York from six years preceding this Complaint to the date of class notice in this action (the "Class").

13.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the employment records of Defendant.

14.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether Defendant was required to pay class members on a weekly basis, whether class members were paid on a weekly basis, and whether Defendant violated NYLL § 191.

15.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff worked as a manual worker for Defendant during the class period but was not provided with compensation for her work on a weekly basis.

16. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

17. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

## COUNT I

**New York Labor Law – Failure to Pay Timely Wages**

18. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

19. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

20. Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).

21. Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b. For an order declaring Defendant's conduct violates the law referenced herein;

c. For an order finding in favor of Plaintiff and the Class on the count asserted herein;

d. For liquidated damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded; and

f. For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  April 4, 2022                                          Respectfully Submitted,

**BURSOR & FISHER, P.A**

*/s/ Yitzchak Kopel*

Yitzchak Kopel
Alec M. Leslie

              888 Seventh Avenue
              New York, NY  10019
              Telephone: (646) 837-7150
              Facsimile: (212) 989-9163
              Email:  ykopel@bursor.com
                  aleslie@bursor.com

*Counsel for Plaintiff*