```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/6/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAVEN RAMOS, JEFFREY MCNEILL, and
TYLER O'NEAL, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

    -against-

APPLE INC.,

                              Defendant.

7:22-CV-02761 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Raven Ramos, Jeffrey McNeil, and Tyler O'Neal bring this putative class action against Defendant Apple Inc., asserting Defendant violated Section 191 of the New York Labor Law ("NYLL") by failing to timely pay Plaintiffs' wages. (*See generally* First Amended Complaint ("FAC"), ECF No. 16.) Before this court is Defendant's motion to dismiss. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

Apple owns and operates "Apple Store locations that employ hundreds, if not thousands, of manual workers in the State of New York." (FAC at ¶ 26.) Plaintiff Ramos worked for Apple as a Cash Lead and Operations Specialist from approximately October 2010 to January 2018. (*Id.* at ¶ 27.) Plaintiff McNeil worked for Apple as an Inventory Specialist from approximately 2012 to 2018. (*Id.* at ¶ 28.) Plaintiff O'Neal worked for Apple as a Technical Specialist from approximately 2015 to 2020. (*Id.* at ¶ 29.) Each Plaintiff alleges 25% of their job responsibilities entailed manual labor, such as standing for hours on end, lifting and carrying heavy boxes, and organizing inventory, among other physical tasks. (*See id.* at ¶¶ 27–29.) Plaintiffs allege

Defendant violated Section 191 of the NYLL by paying Plaintiffs every other week instead of every week. (*See id.* at ¶¶ 27–29, 32.) This untimely payment resulted in Plaintiffs losing "the time value" of money (*id.* at ¶¶ 27–29); as such, Plaintiffs seek "the amount of their untimely paid wages as liquidated damages." (*Id.* at ¶ 39.)

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I.     Private Right of Action

Defendant bases its motion to dismiss on a "pure issue of law": whether the NYLL provides Plaintiffs a private right of action to enforce the weekly payment obligation imposed by Section

2

191.  (Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Mem."), ECF No. 24 at 1.)  Defendant argues the Court should answer that question in the negative and thus dismiss Plaintiffs' claims for untimely payment of wages.  In the alternative, Defendant argues the NYLL entitles Plaintiffs at best to lost interest on untimely paid wages, not liquidated damages.  The Court disagrees with Defendant on both fronts.

Section 191(1)(a) states that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned," unless an employer is otherwise authorized by the State.  Section 198(1-a) meanwhile states that an employee may commence an action to vindicate a "wage claim" and "recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest," including "an additional amount as liquidated damages" "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law."

Only one appellate court in the State of New York has directly ruled upon whether the NYLL provides a private right of action for violations of Section 191(1)(a): the First Department, Appellate Division in *Vega v. CM & Associates Construction Management, LLC*, 175 A.D.3d 1144 (1st Dep't 2019).  In *Vega*, the First Department held that Section 198(1-a) "expressly provides a private right of action for violations" of Section 191(1)(a).  175 A.D.3d at 1146.  Moreover, even if Section 198(1-a) did not so provide, the *Vega* Court added that such "a remedy may be implied." *Id*.  In sum, the First Department in *Vega* concluded that the NYLL explicitly and implicitly provides a private right of action to enforce violations of Section 191(1)(a).  "This Court is bound to apply the law as interpreted by a state's intermediate appellate courts," such as the First Department's decision in *Vega*, "unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

3

To that end, Defendant argues the New York Court of Appeals would reach a different conclusion than *Vega*. Defendant argues (1) the Court of Appeals decision in *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022) suggests the Court of Appeals would overturn *Vega*; (2) *Vega*'s reasoning contradicts the NYLL's legislative history; (3) *Vega*'s reasoning contradicts public enforcement of Section 191(1)(a); and (4) private enforcement of Section 191(1)(a) may violate the Due Process Clause of the Fourteenth Amendment. In *Konkur*, the Court of Appeals held that Section 198-b of NYLL did not create an implied private right of action, explaining that "[w]here the legislature intended for an article 6 provision to be enforced individually, it expressly provided a right of action." 38 N.Y.3d at 44. The *Konkur* Court, however, did not address the *Vega* decision or its central question: whether the NYLL created an express or implied private right of action for violations of Section 191(1)(a). At best, applying *Konkur* would foreclose an implied right of action; the *Vega* Court, however, made clear that Section 198(1-a) *expressly* creates a right of action, *see* 175 A.D.3d at 1146. As recognized by several other courts in this District, *Konkur* does not "constitute persuasive data that the Court of Appeals would reject the holding in *Vega*." *Rankine v. Levi Strauss & Co.*, No. 1:22-CV-03362-LTS, 2023 WL 3582323, at *5 (S.D.N.Y. May 22, 2023) (collecting cases) (internal quotations omitted). Nor do Defendants' arguments regarding legislative history, enforcement mechanisms, or constitutional avoidance, all of which have been roundly rejected post-*Vega* by our fellow courts in this District. *See e.g., id.* Although this Court commends Defendants for their thorough and well-reasoned arguments, this Court is not working with a "clean slate." *Pozo v. BlueMercury, Inc.*, No. 22-CV-7382 (VEC), 2023 WL 4980217, at *3 (S.D.N.Y. Aug. 3, 2023) ("If the Court were writing on a clean slate, it might agree with Defendant, but the slate is not clean. . . . [T]he Court finds that it is bound to follow the holding from the First Department in *Vega*."). In the face

of this District's uniform practice in following *Vega*, this Court is reluctant to relitigate *Vega* and instead chooses to follow it. Plaintiffs' claim may proceed.

Defendant next asks this Court to limit Plaintiffs' damages to lost interest. Defendant's argument again rests on this Court refusing to follow the First Department's decision in *Vega*. (*See* Defendant's Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss ("Def. Reply"), ECF No. 28 at 14–15.) This Court, however, sees no persuasive reason to believe the Court of Appeals would disagree with *Vega*'s interpretation of Section 198(1-a). As held by the *Vega* court, "liquidated damages may be available under [Section] 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages," and Defendant cannot read into Section 198(1-a) "an ability to cure a violation and evade the statute by paying the wages that are due before the commencement of an action." *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286, 288–89 (2019). Accordingly, the Court declines at this time to limit Plaintiff's damages to lost interest. *See, e.g., Rodrigue v. Lowe's Home Centers, LLC*, No. 20CV1127RPKRLM, 2021 WL 3848268, at *6 (E.D.N.Y. Aug. 27, 2021) (denying defendants' motion to dismiss and observing that even if defendants' arguments related to appropriateness of liquidated damages were correct, "defendants have offered no reason why they would be entitled to dismissal of plaintiff's claim—rather than a reduction in damages").[1]

---

[1] Defendant correctly points out that this Court has previously stated that the NYLL "does not appear to provide" a liquidated damages remedy for untimely payments. (Def. Reply at 1 (citing *Accosta v. Lorelei Events Grp. Inc.*, No. 17-CV-07804 (NSR), 2022 WL 195514, at *4 (S.D.N.Y. Jan. 21, 2022).) At the outset, this Court notes that *Accosta*—and the case relied upon for the above-cited language, *Belizaire v. Rav Investigative & Sec. Servs.*, 61 F. Supp. 3d 336, 360 n.22 (S.D.N.Y. 2014)—both involve grants of judgment in *plaintiff's* favor on plaintiff's FLSA and NYLL untimely payment claims. The plaintiffs in both cases recovered liquidated damages for their FLSA untimely payment claims, thus rendering superfluous the question of whether the plaintiffs were entitled to a duplicative award of liquidated damages for their NYLL untimely payment claims. *See Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) ("Today the NYLL and FLSA liquidated damages provisions are identical in all material respects, serve the same functions, and redress the same injuries. In the absence of any indication otherwise, we interpret the New York statute's provision for liquidated damages as satisfied by a similar award of liquidated damages under the federal statute."). As such, the Court's language in *Accosta* is dicta. Nonetheless, the Court acknowledges that its dicta in *Accosta* is incorrect for the above-stated reasons.

### II. Motion to Strike Class Allegations

Plaintiffs also seek to certify a class of all "non-managerial employees," including "Experts," "Geniuses," "Genius Admins," "Lead Geniuses," "Inventory Specialists," "Operations Experts," "Operations Specialists," "Operations Leads," "Cash Leads," "Pros," "Specialists," "Technical Experts," and "Technical Specialists" "employed by Defendant in New York State from six years" preceding the filing of Plaintiff's Amended Complaint through the date of class notice in this action. (*See* FAC ¶¶ 7–21, 30.) Defendant moves to strike Plaintiffs' class allegations because they are "inconsistent [with Plaintiffs' theory of liability] and overbroad." (Def. Mem. at 29.) Although Defendant did not file a procedurally-proper motion to strike pursuant to Federal Rule of Civil Procedure 12(f), this Court treats Defendant's motion to strike as a Rule 12(f) motion.

Rule 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, "are generally looked upon with disfavor," and a motion to strike class allegations "is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (citations omitted) ("Generally speaking, then, motions of this kind are deemed procedurally premature."); *see Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015) ("A motion to strike class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to

6

which they would otherwise be entitled on questions relevant to class certification." (citations omitted)).  Defendant argues that not "all non-managerial employees"—Plaintiffs' proposed class—are "manual workers" who can recover under the NYLL.  To that end, Defendant argues some employees, such as "Business Experts, Business Specialists, Creatives, Creative Leads, [and] Creative Pros" (Def. Mem. at 29 (citing FAC at ¶ 21)), are not "manual workers" but are also "non-managerial employees" and "thus would be covered by the class definition."  Plaintiffs make clear, however, that these employees "primarily undertake functions that are intellectual and managerial in nature, and they are not included in the putative Class definition." (FAC at ¶ 21.)  Moreover, "class discovery will serve to refine the class and the allegations and to aid the [C]ourt in determining whether class certification is appropriate."  *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 517 (S.D.N.Y. 2015) (citations omitted).  As such, this Court declines to strike Plaintiffs' class allegations at this time.

## CONCLUSION

Defendant's motions to dismiss and strike class allegations are DENIED.

The Court waives the Initial Pre-trial Conference and directs the parties to jointly complete a Case Management Plan and Scheduling Order (blank form attached hereto).  Said Scheduling Order shall be filed by September 27, 2023.  After review and approval of the Scheduling Order, the Court will issue an Order of Reference to Magistrate Judge Judith C. McCarthy for general pretrial purposes.  The parties are directed to contact Judge McCarthy within seven (7) business days of the date of the Order of Reference to schedule a conference.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.  SO ORDERED.

Dated: September 6, 2023
White Plains, New York.

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT  Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x


                           Plaintiff(s),         **CIVIL CASE DISCOVERY PLAN**
                                                 **AND SCHEDULING ORDER**
- against -


                         Defendant(s).     _____ CV _____ (NSR)


---------------------------------------------------------------x

       This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.    All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.    This case [is] [is not] to be tried to a jury.

3.    Joinder of additional parties must be accomplished by _____.

4.    Amended pleadings may be filed until _____. Any party seeking to amend its pleadings after that date must seek leave of court via motion.

5.    Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.    First request for production of documents, if any, shall be served no later than _____.

7.    Non-expert depositions shall be completed by _____.

      a.    Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

      b.    Depositions shall proceed concurrently.

      c.    Whenever possible, unless counsel agree otherwise or the Court so orders,

      non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10.  Expert reports shall be served no later than _____.

11.  Rebuttal expert reports shall be served no later than _____.

12.  Expert depositions shall be completed by _____.

13.  Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.  **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.  Any motions shall be filed in accordance with the Court's Individual Practices.

16.  This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.  The Magistrate Judge assigned to this case is the Hon. _____.

18.  If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.  The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.

Dated:

White Plains, New York

                 _____
                 Nelson S. Román, U.S. District Judge